UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 12-117 WES |
| ) | |
| PETER HINES ) | |
| ) | |

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant Peter Hines's Motion To Modify Supervised Release Conditions (ECF No. 65) ("Def.'s Mot."), in which Defendant seeks to modify Special Conditions 8, 12, and 16 of his supervised release.

I. Background

By way of background, Defendant pleaded guilty to possessing with intent to view materials containing visual depictions of sexual conduct involving minors in December 2012. (Am. J. 1, ECF No. 35.) The Court (Lisi, C.J.) sentenced him to twelve months and one day in prison, ten years' supervision, and imposed special conditions for his release. (Id. at 2–4.) After serving his original sentence, Defendant violated the terms of his supervised release numerous times. (See R. & R. 4–6, 14–15, ECF No. 58 (recounting Defendant's history of supervised release violations).) Accordingly, the Court modified the conditions of his release after each violation. (Id. at 4–5.) Defendant now

seeks to modify the special conditions imposed following his most recent violations. (See J. 1–2, 6–7, ECF No. 61.) For the foregoing reasons, the Court DENIES Defendant's Motion and ACCEPTS the Government's proposed modifications to Special Conditions 7 and 8.

II. Discussion

Special Condition 8 requires Defendant, among other things, to "submit to unannounced examination of his computer or other electronic equipment." (J. 6.) Defendant seeks to modify the condition, arguing that it is an unqualified search condition that requires reasonable suspicion. (Def.'s Mot. 4–5.) The Government opposes Defendant's proffered modification. Instead, to eliminate confusion, it proposes clarifying that Special Condition 8[1] is a monitoring condition and modifying Special Condition 7,[2] a

---

[1] The Government proposes replacing Hines's Special Condition 8 with the following:

> The defendant must submit to unannounced monitoring of his computer or other electronic equipment by the probation officer, who may be accompanied by either local, state, or federal law enforcement authorities. In addition, the defendant must allow, at the discretion of the probation officer, installation on defendant's computer of any hardware or software system to monitor his computer use.

(Gov.'s Obj. 5.)

[2] The Government proposes adding the following sentence to the end of the Special Condition 7:

reasonable-suspicion based search condition.  (Government's Obj. To Mot. To Modify Terms of Pretrial Release ("Gov.'s Obj.") 4—5, ECF No. 68; J. 6.)  The Court adopts the Government's modifications as to Special Conditions 7 and 8, requiring that searches of Defendant's computer or other electronic devices be based on reasonable suspicion.  See 18 U.S.C. § 3583(d); see also United States v. Knights, 534 U.S. 112, 121—22 (2001) (holding that reasonable suspicion is sufficient to conduct a search of probationer when authorized by probation conditions).  Thus, the Court denies Defendant's proposed modification to Special Condition 8.

Special Condition 12 is a restriction on Defendant's ability to reside with any minor, unless the probation officer approves it in advance.  (J. 6.)  Defendant seeks to add an exception to the special condition for his own children.  (Def's Mot. 5—6.)  In light of Defendant's underlying child-pornography offense (committed only five years ago) and subsequent supervised-release violations, which include violations for associating with children, accessing pornography, viewing at least one instance of child pornography (inadvertently, he claims), using undisclosed

---

> In addition, the defendant must consent to the removal of such data storage devices or media for the purpose of conducting this search.

(Gov.'s Obj. 5 n.3.)

3

electronic devices, and failing to register by providing a false address, Special Condition 12 is a reasonable restriction. See United States v. DaSilva, 844 F.3d 8, 11–13 (1st Cir. 2016); (R. & R. 4–6, 14–15). Special Condition 12 is further reasonable because it provides that Probation may permit Defendant to reside with his own children. See DaSilva, 844 F.3d at 13–14; United States v. Mercado, 777 F.3d 532, 539 (1st Cir. 2015); (J. 6). Indeed, Probation has allowed this. (R. & R. 17.) Therefore, Defendant's proposed modification to Special Condition 12 is denied.

Special Condition 16 prohibits Defendant from accessing and using electronic devices that can, among other things, link to a computer network or the internet, unless preapproved by his probation officer. (J. 7.) In essence, Special Condition 16 prohibits Defendant's use of the internet, which is a severe imposition upon modern life. See United States v. Hinkel, 837 F.3d 111, 126 (1st Cir. 2016). While such a heavy restriction requires careful consideration, Special Condition 16 is reasonable because Defendant used a computer and the internet to commit the underlying child-pornography offense, he has repeatedly violated supervised-release conditions related to accessing and using such devices to view pornography, and Defendant's use of adult pornography was deemed a trigger for accessing child pornography when the Court imposed the ban on accessing pornography as part of

Defendant's original sentence. See id. at 126; see also United States v. Stergios, 659 F.3d 127, 134 (1st Cir. 2011); cf. United States v. Ramos, 763 F.3d 45, 60–63 (1st Cir. 2014); (R. & R. 4–6, 14–15). Moreover, Defendant may seek preapproval for accessing and using these types of devices from his probation officer. See Hinkel, 837 F.3d at 126. Special Condition 16 is a reasonable condition of supervised release given Defendant's underlying offense, history of violating this type of prohibition, history of accessing child pornography by viewing adult pornography, and probation's discretion to preapprove his use of such devices. Thus, Defendant's proposed modification for Special Condition 16 is denied.

III. Conclusion

Accordingly, the Court modifies Special Conditions 7 and 8 of Defendant's Supervised Release as set forth in the Government's Objection to Defendant's Motion To Modify the Conditions of Pretrial Release (ECF No. 68) and DENIES Defendant's Motion To Modify Supervised Release Conditions (ECF No. 65).

IT IS SO ORDERED.

*/s/ William E. Smith*

William E. Smith
Chief Judge
Date: January 8, 2018